UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AUDREY MURPHY, Individually and for Others Similarly Situated<br><br>Plaintiff,<br><br>v.<br><br>VIRGINIA MASON FRANCISCAN HEALTH, a Washington nonprofit Corporation,<br><br>Defendant. | Case No. 3:25-cv-5974<br><br>**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>**[CLERK'S ACTION REQUIRED]**<br><br>**[Pierce County Superior Court Case No. 25-2-11852-1]** |

**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT**

TO: Clerk, United States District Court for the Western District of Washington;

AND TO: Plaintiff AUDREY MURPHY.

PLEASE TAKE NOTICE that Defendant Virginia Mason Medical Center, improperly named as Virginia Mason Franciscan Health[1] ("Defendant"), by and through its undersigned counsel, hereby removes Case No. 25-2-11852-1, filed in the Superior Court for the State of

[1] Virigina Mason Franciscan Health is not Plaintiff's (or any other employee's) employer. Plaintiff's employer is Virginia Mason Medical Center. Accordingly, this Motion is made on behalf of the proper Defendant in this action, Virginia Mason Medical Center.

Washington for the County of Pierce, to the United States District Court for the Western District of Washington, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. As required by 28 U.S.C. § 1446(a) and Local Rule 101(c), all process, pleadings, and orders served on Defendant in the action to date are attached hereto as **Exhibit B**. As the requisite "short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), Defendant states as follows:

## I. INTRODUCTION

1. As set forth below, Defendant hereby removes the above-captioned action to this Court pursuant to 28 U.S.C. § 1331 because this is a civil action raising issues that directly implicate questions of federal law under Section 301 of the Labor Management Relations Act ("LMRA"). Plaintiff is a current employee of Defendant and is presently a member of a union—the Washington State Nurses' Association ("WSNA"). Her employment, as well as the employment of the allegedly aggrieved putative class of employees, are governed by the terms of a valid collective bargaining agreement ("CBA"). Indeed, Plaintiff's work hours, regular rate determination, overtime compensation, premium pay (if applicable), and required grievance and arbitration process (among other things) are all contractually defined in the WSNA CBA. Plaintiff's claims (as well as those she asserts on behalf of the putative class) cannot be adjudicated without interpreting the terms of the CBA. Accordingly, this Court has original jurisdiction over Plaintiff's claims.

## II. STATE COURT ACTION

2. On or about September 26, 2025, Plaintiff Audrey Murphy ("Plaintiff") filed her Original Class Action Complaint ("Complaint") captioned *Audrey Murphy, Individually and for Others Similarly Situated v. Virginia Mason Franciscan Health, a Washington nonprofit*

*Corporation*, in the Superior Court of the State of Washington for the County of Pierce (the "State Court Action"). *See* **Exhibit A**.

3. In the Complaint, Plaintiff asserts two causes of action: [i] Failure to Pay Overtime under the Washington Minimum Wage Act ("WMWA") and [ii] Willfully Withholding Earned Wages under the Washington Wage Rebate Act ("WWRA"), wherein she alleges that she and other hourly, non-exempt employees of Defendant are due overtime wages for failure to incorporate "sign-on bonuses" into the regular rate for the calculation of overtime pay.

4. Defendant was served the Summons, Complaint, and Order Assigning Case to Judicial Department and Setting Review Hearing Date on October 3, 2025. *See generally* **Exhibits A, B**.

5. After conferring with counsel for Plaintiff, Defendant filed an Unopposed Motion for Enlargement of Time to Respond to Complaint on October 16, 2025, to extend its responsive pleading deadline until November 14, 2025. The Court signed the order granting this enlargement of time on October 27, 2025. Accordingly, Defendant has not yet filed any responsive pleading as of the date of this Notice. *See* **Exhibit B**.

## III. FACTUAL BACKGROUND

As relevant to this Court's jurisdiction, Plaintiff specifically alleges the following in her Complaint:

6. "Virginia Mason has employed Murphy as a registered nurse (RN) since approximately December 2024." *See* Complaint at ¶ 12.

7. "Virginia Mason classifies Murphy and the other Hourly Employees as non-exempt and pays them by the hour." *See* Complaint at ¶ 24.

8. “The putative class of similarly situated employees is defined as: All hourly Virginia Mason employees in Washington who were paid in accordance with its bonus pay scheme at any time during the past 3 years through final resolution of this action (the ‘Hourly Employees’).” *See* Complaint at ¶ 17.

9. “Throughout her employment, Murphy has regularly worked more than 40 hours a workweek. Indeed, Murphy typically works 10 hours a day and 5 days a week (50 hours a workweek) ‘on the clock.’ Likewise, the other Hourly Employees typically work approximately 50 hours a workweek ‘on the clock.’” *See* Complaint at ¶¶ 29-31.

10. “Virginia Mason fails to pay Murphy and the other Hourly Employees at least 1.5 times their regular rates of pay—based on all remuneration—for hours worked in excess of 40 in a workweek. Instead, it subjects them to its bonus pay scheme. Specifically, Virginia Mason agrees to pay and subsequently pays Murphy and the other Hourly Employees non-discretionary bonuses, including sign on bonuses, based on criteria determined by Virginia Mason. But Virginia Mason fails to include these non-discretionary bonuses in Murphy's and the other Hourly Employees' regular rates of pay for overtime purposes.” *See* Complaint at ¶¶ 33-36.

11. “Thus, Virginia Mason fails to pay Murphy and the other Hourly Employees at least 1.5 times their regular rates of pay-based on all remuneration-for all hours worked in excess of 40 in a workweek.” *See* Complaint at ¶ 40.

12. Virginia Mason Medical Center, where Plaintiff is still employed, has a CBA in place between it and the WSNA, the union representing the bargaining unit of which Plaintiff is a member, from 2023 to present. *See* **Exhibit C**.

13. The CBA specifically defines which hours are subject to overtime calculation, how the regular rate is calculated, how to determine the applicable overtime rate based on a variety of factors, how to determine the appropriate premium pay rate, and how the grievance and arbitration processes for escalating any pay concerns in a written agreement for all covered employees would be handled. *See id*.

## IV. BASIS FOR FEDERAL JURISDICTION

14. This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1331, and removal is proper under 28 U.S.C. §§ 1441 and 1446, in that this is a civil action that raises issues that directly implicate questions of federal law under Section 301 of the LMRA, 29 U.S.C. § 185.

15. The LMRA, which is codified as Title 29 U.S.C. §§ 141-187, provides in Section 301 that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce … may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or with regard to the citizenship of the parties." 29 U.S.C. § 185(a).

16. Section 301 applies "beyond cases specifically alleging contract violation to those whose resolution is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract." *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 689 (9th Cir. 2001) (*en banc*; internal citations omitted); *see also Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 748 (9th Cir. 1993) (Section 301 preempts a state law claim "if the resolution of [that] claim depends upon the meaning of a collective-bargaining agreement").

17. Essentially, Section 301 preempts "state law claims grounded in the provisions of a CBA or requiring interpretation of a CBA." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016).

18. Section 301 of the LMRA preempts Plaintiff's theories because resolution of her claims will require interpretation of the CBA in place during the relevant time period. Specific provisions of the CBA that will require interpretation include, without limitation, the following:

a. Overtime; Premium Pay. Whether: (i) Section 4.9 modifies the regular rate of pay calculation under Washington law or whether it specifically invokes federal questions of law regarding the Fair Labor Standards Act ("FLSA"), (ii) Article 7 modifies the nurses schedules and overtime calculations, (iii) Section 7.5 provides varying or additional overtime compensation than provided by Washington law, (iv) Section 7.6 addresses which premium pay rate or overtime rate is applicable dependent on the circumstances; and/or (v) Section 7.6 affects whether and when the putative class would be permitted to work overtime.

b. Grievance and Arbitration Procedure. Should Plaintiff, the putative class of employees, or the union who represents them had complaints regarding failure to pay overtime, these employees would need to follow the grievance procedure (which also requires arbitration of disputes) set forth in Article 18, as opposed to filing suit in federal court in direct contravention of the terms of the CBA.

*See* **Exhibit C**.

19. Because each of the above questions, among others, will require the Court to interpret the CBA to determine the validity of Plaintiff's claims, the LMRA is necessarily invoked.



POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

Thus, Plaintiff's state law claims are preempted, and this Court has original jurisdiction over Plaintiff's claims.

20. To the extent that Plaintiff has not specifically pled that her claims require interpretation of the applicable CBA, she improperly attempts to "artfully plead" her claims. This strategic omission is improper and cannot avoid Section 301 preemption. *E.g. Young v. Anthony's Fish Grottos, Inc.,* 830 F.2d 993, 997 (9th Cir. 1987). *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1150 (9th Cir. 2019). Accordingly, this Court has original jurisdiction over Plaintiff's Complaint.

## V. THIS REMOVAL NOTICE IS TIMELY AND SATISFIES ALL PREREQUISITES

21. Removal to this Court is Proper: Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), Defendant files this Notice of Removal in the United States District Court for the Western District of Washington, which is the federal district court embracing the state court where Plaintiff brought the State Court Action - in Pierce County, Washington. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 128(a). Under Local Civil Rule 3(e)(1), removal to the Western District of Washington at Seattle is proper because Plaintiff alleges that a substantial part of the alleged events or omissions that give rise to the claims occurred in Pierce County. *See* Complaint at ¶¶ 10, 11.

22. Removal is Timely: On or about October 3, 2025, Plaintiff served a copy of the Summons and Complaint on Defendant. *See* **Exhibit B**. This Notice of Removal is filed within 30 days of Defendant's receipt of the Summons and Complaint and is therefore timely filed and served pursuant to 28 U.S.C. § 1446(b).

23. Signature: This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).



POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

24. Pleadings and Process: A true and correct copy of the Complaint served on Defendant in the State Court Action is attached hereto as **Exhibit A**. *See* 28 U.S.C. § 1446(a) and Local Civil Rule 101(b).

25. Complete Record of State Court Action: A copy of the complete record of the State Court Action along with the Verification of State Court Records from Defendant's counsel is also being submitted contemporaneously herewith pursuant to 28 U.S.C. § 1446(a) and Local Civil Rule 101(c). *See* **Exhibits A, B**.

26. Notice: Defendant will promptly serve Plaintiff and file with this Court its Notice to Plaintiff of Removal to Federal Court, informing Plaintiff that this matter has been removed to federal court. 28 U.S.C. §§ 1446(a), (d). Defendant will also promptly file with the Clerk of the Superior Court of the State of Washington for the County of Pierce, and serve on Plaintiff, a Notice to Clerk of Removal to Federal Court pursuant to 28 U.S.C. § 1446(d). Defendant attaches as **Exhibit D** to this Notice a copy of the notice to be filed with the state court (without the notice's attachments).

WHEREFORE, Defendant respectfully gives notice that the above-entitled action is removed from the Superior Court of the State of Washington for the County of Pierce to the United States District Court for the Western District of Washington.

DATED: November 3, 2025

Respectfully submitted,

**POLSINELLI PC**

By: */s/ Don Samuels*

Donald L. Samuels (WA #56214)
Polsinelli PC
1401 Lawrence Street, Suite 2300
Denver, CO 80202
Telephone: (303) 572-9300
Facsimile: (303) 379-4895

Derek A. McKee (WA #57775)
Polsinelli PC
4020 Maple Avenue, Suite 300
Dallas, Texas 75219
Telephone: (214) 661-5520
Facsimile: (214) 397-0033

Lindsay C. David*
(*pro hac vice forthcoming*)
Polsinelli PC
Century Plaza Towers
2049 Century Park East, Suite 2900
Los Angeles, California 90067
Telephone: (310) 203-5303
Facsimile: (213) 947-1069

**Attorneys for Defendant VIRGINIA MASON FRANCISCAN HEALTH, a Washington Non-Profit Corporation**

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with Andrew Dunlap, counsel for Plaintiff, regarding the Defendant's intent to file this Notice of Removal on November 3, 2025, via email.

/s/ *Don Samuels*
Donald L. Samuels

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of November 2025, I caused the above and foregoing Motion to be electronically filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to the following counsel of record:

Michael C. Subit, WSBA #29189
FRANK FREED SUBIT & THOMAS, LLP
705 Second Ave., Suite 1200
Seattle, WA 98104
msubit@frankfreed.com
(206) 682-6711

Michael A. Josephson
Andrew W. Dunlap
JOSEPHSON DUNLAP, LLP
14205 SE 36th Street, Suite 3050
Houston, TX 77046
mjosephson@mybackwages.com
adunlap@mybackwages.com
(713) 352-1100

Richard J. (Rex) Burch
BRUCKNER BURCH, PLLC
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
rburch@brucknerburch.com
(713) 877-8788

Attorneys for Plaintiff Audrey Murphy

/s/ *Don Samuels*
Donald L. Samuels